## Commonwealth v. Woods et al.

*Elgin E. Weest,* for plaintiff.

*James A. Cochrane* and *Paul C. VanDyke,* for defendants.

TOAL, J., October 25, 1951.—This is a suit in assumpsit to recover the sum of $2,396.92 due plaintiff as accrued maintenance for Helen B. Woods, who has been an inmate of the Norristown State Hospital since May 15, 1946. Willie or William Woods and Helen B. Woods are husband and wife and Delaware County Trust Co. is the guardian appointed by this court for the estate of Helen B. Woods. The Woods are owners of real property as tenants by entireties and the suit is brought for the purpose of making this property liable for the accrued support and maintenance of Helen B. Woods in the Norristown State Hospital. The current support and maintenance of the wife is being paid by the husband under a court order and is not involved in the present suit.

Defendants have filed preliminary objections to the complaint stating: (1) That the Act of June 1, 1915, P. L. 661, sec. 3, its supplements and amendments (71 PS §1783), does not authorize the bringing of the suit, and (2) that the act does not subject the property owned by entireties to support and maintenance of an inmate of an institution maintained in whole or in

part by the Commonwealth except "to the extent of any order that any court of record of this Commonwealth may make against the spouse of such inmate" and that such an order can only be "in such amount as the court, in its discretion, deems proper, taking into consideration his ability to pay for said maintenance." At the time the preliminary objections were filed on June 21, 1951, no court order had been made against the husband up to that time and he had never paid anything for the maintenance of his wife in the State hospital.

The preliminary objections will have to be dismissed. In Pennsylvania, the husband is and always has been, without regard to the act of assembly, liable for the necessary support of his insane wife while in a public asylum. The husband is primarily liable for the support and maintenance of his wife and this liability cannot be waived: Commonwealth v. Hoge, 39 D. & C. 564 (1941).

The wife, inmate of the institution, is also primarily liable for her own maintenance in the State hospital as declared by section 1 of the Act of June 1, 1915, P. L. 661, 71 PS §1781, which reads as follows:

"Whenever any person is maintained as an inmate of any hospital, home, sanatorium, or other institution of the Commonwealth, in whole or in part at the expense of the Commonwealth, the property or estate of such person shall be liable for such maintenance. . . ."

Section 3 of the Act of 1915, as amended, supra, declares the obvious when it states, referring to property owned and held by entireties by a husband and wife, one of whom is an inmate in a public institution, that *"The liability for the support of such inmate is hereby declared to be the joint liability of such owners* to the extent of such order and enforcement against their joint as well as their several properties." (Italics supplied.)

Under the common law the husband is liable and under the common law the wife inmate's estate is liable. The liability imposed upon the husband is direct and wholly independent of the wife inmate's common law liability which section 1 of the act declares and continues: Com. v. Zommick, 362 Pa. 299, 301 (1949).

As both husband and wife are primarily liable for the wife inmate's support and maintenance in the State hospital, and are jointly and severally liable, it follows that a suit against both, properly brought by joining the duly appointed guardian for the wife inmate's estate as a codefendant, will bind the property held by entireties. It does not require a statute to confer validity upon such a matter and neither does it require a previous court order to affix liability.